**David K. Jeffris et al., copartners as Chicago Car Lumber Company, Appellants, v. Ayer & Lord Tie Company, Appellee.**

### Gen. No. 18,831.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

### Statement of the Case.

Action by David K. Jeffris and others, copartners as Chicago Car Lumber Company, against Ayer & Lord Tie Company, a corporation, to recover the value of a quantity of certain railroad ties alleged to belong to plaintiffs and to have been taken and used by defendant. From a judgment in favor of defendant on a directed verdict, plaintiffs appeal.

ADAMS, BOBB & ADAMS, for appellants; S. G. ABBOTT and G. L. WIRE, of counsel.

C. C. GRASSHAM and JENNINGS & FIFER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. Municipal Court of Chicago, § 17*—*necessity of written motion to direct verdict.* A motion for a directed verdict in the Municipal Court need not be in writing.

2. Trover and conversion, § 39*—*when evidence insufficient to connect defendant with taking of plaintiff's property.* In an action to recover the value of railroad ties alleged to belong to plaintiffs and to have been taken and used by defendant, evidence *held* insufficient to establish a *prima facie* case for plaintiffs, it appearing from the evidence that both parties had separate piles of ties at a certain place, and that the ties were distinguished by private marks, but the evidence to connect the defendant with the taking of the ties was largely circumstantial, which considered with other evidence did not fairly tend to show that defendant took the ties.

3. Trover and conversion, § 38*—*when statement of defendant's employe inadmissible.* In an action to recover the value of railroad ties alleged to have been taken and used by defendant, a statement by an employe of defendant made some two years after the event amounting to an admission that he took the ties, *held* inadmissible for the reason that it was no part of the *res gestae.*

4. Evidence, § 185*—*when declaration of agents not admissible.* Rule that declarations of an agent to be admissible must be part of the *res gestae* applies to corporations who can speak only through agents.

5. Appeal and error, § 1467*—*when error in admission of incompetent evidence harmless.* Whether error was committed in permitting one of plaintiff's witnesses on cross-examination to testify to a certain fact need not be considered where such evidence may well have been excluded in acting on a motion to direct a verdict.